IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PETER DENTON, and | § | |
| HARVEST INVESTORS, L.P. | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| RUDOLF SUTER, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFFS' COMPLAINT FOR CONFIRMATION OF FOREIGN ARBITRATION AWARD

Peter Denton and Harvest Investors, L.P., complaining of the actions of Rudolf Suter, files this Plaintiffs' Complaint for Confirmation of Foreign Arbitration Award, and in support thereof would respectfully show this Court as follows:

### I. PARTIES

1. Plaintiff, Peter Denton, is an individual and is a citizen of Florida.

2. Plaintiff, Harvest Investors, L.P., is a limited partnership, and is a citizen of Pennsylvania and Florida, formed under the laws of the state of Pennsylvania with its principal place of business in Florida. The two limited partners of Harvest Investors, L.P. is the Trust for the Benefit of Keith P. Denton and the Trust for the Benefit of Tracie A. Denton, both of which were legally formed under the laws of Pennsylvania. The trustee of the two trusts is also located in Pennsylvania. Harvest Investors, L.P.'s general partner is KGP, LLC. KGP, LLC is a citizen of Pennsylvania and Florida, formed under the laws of the state of Pennsylvania with its principal place of business in Florida.

3. Defendant, Rudolf Suter is an individual and a citizen of Horw, Switzerland. Rudolf Suter currently resides in Dallas, Texas. He may be served with process at 1700 Cedar Springs, Road, Apartment 2103 or 2304, Dallas, Texas 75202.

## II.   JURISDICTION

4. This action involves a foreign arbitration agreement and a foreign arbitral award issued under the Chamber of Commerce of Central Switzerland. The United States and Switzerland are contracting states of the Convention on the Recognition and Enforcement of Foreign Arbitration Awards ("New York Convention"). Pursuant to 9 U.S.C. §§201-208, an action falling under the New York Convention shall be deemed to arise under the laws and treaties of the United States. As a result, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.

5. In addition, this Court has subject matter jurisdiction under 28 U.S.C. §1332(a)(2) because Plaintiffs are citizens of the United States, Defendant is a citizen of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court has general personal jurisdiction over Defendant Rudolf Suter because he resides in Dallas, Texas and has resided in Dallas, Texas for over a year. Therefore, Defendant Rudolf Suter has sufficient minimum contacts with the state of Texas sufficient for this Court to exercise personal jurisdiction over Rudolf Suter.

## III.   VENUE

7. Pursuant to 9 U.S.C. §204, an action or proceeding over which a district court has subject matter jurisdiction pursuant to 9 U.S.C. §203 may be brought in any such court in which an action or proceeding with respect to the controversy between the parties could be brought. As

a result, venue is proper in this district under 28 U.S.C. §§ 1391(a)(1) and 1391(b)(1) because Defendant Rudolf Suter resides in this district.

## IV. CONDITIONS PRECEDENT

8. All conditions precedent have been performed or have occurred necessary for Plaintiffs to maintain this suit.

## V. FACTS GIVING RISE TO THE CONTROVERSY

9. On or about June 1, 2007, Peter Denton and Harvest Investors, LP entered into separate Share Purchase Agreements ("SPA") with Defendant, Rudolf Suter. The SPAs contained an arbitration agreement wherein the parties agreed that "[a]ll disputes arising out of the [SPA] or relating thereto shall be resolved definitively by one or more arbitrators pursuant to the rules of the Arbitration Tribunal of the Chamber of Commerce of Central Switzerland. The place of jurisdiction shall be Lucerne." In accordance with Article IV of the New York Convention, attached hereto to Peter Denton's Declaration as Exhibits "A" and "B" are duly authenticated copies of the SPAs, which contain the above-mentioned agreements to arbitrate.

10. On or about June 29, 2009, Plaintiffs filed a request for arbitration with the Chamber of Commerce of Central Switzerland On or about January 22, 2010, Plaintiffs filed a Statement of Claim in arbitration. From August, 2010 to January, 2011, the arbitration panel considered the arguments of counsel, and the evidence presented by the parties. The arbitration panel declared the arbitration proceedings closed on January 18, 2011 and requested that the parties submit their respective claims for costs and expenses under the governing rules of the arbitration proceedings.

11. On June 21, 2011, the Chamber of Commerce of Central Switzerland, acting through Arbitrators, Michael Kramer, Urs Lischer, and Ernst F. Schmid, issued an award in favor of Plaintiffs and ordered Defendant as follows:

    a. to pay Harvest Investors, L.P. CHF 1,000,000 (Swiss francs one million) and interest thereon at a rate of 5% p.a. as from June 2009 until payment;

    b. to pay Plaintiff, Peter Denton, CHF 1,000,000 (Swiss francs one million) and interest thereon at a rate of 5% p.a. as from June 29, 2009 until payment;

    c. to pay Plaintiffs CHF 3,000 (three thousand Swiss francs) in expenses of the Chamber of Commerce;

    d. to pay Plaintiffs CHF 31,010.20 (thirty-one thousand and ten Swiss francs 20/100) as fees and expenses of the arbitrators; and

    e. to pay Plaintiffs CHF 96,978.96 (ninety-six thousand nine hundred and seventy-eight Swiss francs 96/100) and USD 1,905.40 (one thousand nine hundred and five 40/100 US Dollars) as Plaintiffs' costs.

All of the foregoing damages, costs and fees were assessed against Defendant in favor of Plaintiffs. In accordance with Article IV of the New York Convention, a duly certified copy of the Award is attached hereto as Exhibit "C".

12. In accordance with the New York Convention and 9 U.S.C. §§ 201-208, the Award is fully confirmable and enforceable in accordance with its terms and should be confirmed summarily by this Court. Plaintiffs, therefore, seek such confirmation by this Court of the Award.

---

**PLAINTIFFS' COMPLAINT FOR CONFIRMATION OF FOREIGN ARBITRATION AWARD – PG.**

## VI. PRAYER

13. Plaintiffs re-allege the above factual statements.

14. Pursuant to 9 U.S.C. §§ 201-208 and in accordance with the New York Convention, Plaintiffs request that the Award by confirmed by this Court and that this Court enter a judgment against Defendant in the amount of the Award, plus pre- and post-judgment interest, attorney's fees and costs, to the extent allowed by law.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court enter an order confirming the Award against Defendant as requested herein and enter judgment in Plaintiffs' favor against Defendant in the full amount of the Award described above, plus pre- and post-judgment interest, attorney's fees and costs, to the extent allowed by law, and for such other and further relief to which they may be justly entitled.

Dated September 29, 2011

Respectfully submitted,

**MECKLER BULGER TILSON MARICK & PEARSON, LLP**
10,000 North Central Expressway
Suite 1450
Dallas, Texas 75231
(214) 265-6200
(214) 265-6226 (Fax)

By: _____
**ROBERT D. ALLEN**
State Bar No. 01051315
**ABEL A. LEAL**
State Bar No. 24026989

**ATTORNEYS FOR PLAINTIFFS PETER DENTON AND HARVEST INVESTORS, L.P.**