IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PETER DENTON, ET AL., | § | |
| Plaintiffs, | § § § | |
| V. | § § | No. 3:11-cv-2559-N |
| RUDOLF SUTER, | § § | |
| Defendant. | § § | |

## **MEMORANDUM OPINION AND ORDER**

Steven J. Lownds, Brent Lee, and the law firm of Quilling, Selander, Lownds, Winslett & Moser, P.C. (collectively, "Defendant's Counsel"), counsel to Defendant Rudolf Suter, have filed an Amended Motion to Withdraw (the "Motion to Withdraw"). *See* Dkt. No. 76. Judge Godbey referred the Motion to Withdraw to the undersigned magistrate judge. *See* Dkt. No. 77. Although Defendant apparently does not oppose his counsel's Amended Motion to Withdraw, Plaintiffs Peter Denton and Harvest Investors, L.P., have filed a response opposing the motion (the "Response"). *See* Dkt. No. 79. Defendant's Counsel filed a reply, *see* Dkt. No. 81, as well as an affidavit by Lownds (the "Lownds Affidavit"), *see* Dkt. No. 82 (filed under seal). For the reasons set forth below, the Motion to Withdraw is DENIED without prejudice.

### **Background**

On August 23, 2012, the District Court entered Final Judgment against Defendant as well as an Order granting Plaintiffs' motion for confirmation of a foreign arbitration award, which was the subject of this law suit. *See* Dkt. Nos. 14 & 16. Since

entry of Final Judgment, Plaintiffs have sought post-judgment discovery from Defendant, and Defendant's responses to Plaintiffs' discovery demands, as well as Plaintiffs' attempts to execute on the Final Judgment, have resulted in numerous ongoing disputes between the parties. As far as the undersigned is aware, Defendant has not satisfied any amount of the Final Judgment. Defendant is a resident of Switzerland; a substantial portion of the ongoing discovery disputes relates to Defendant's position that Swiss law prevents him from providing Plaintiffs with much of the information they seek. *See, e.g.*, Dkt. No. 30 at 9.

## Legal Standards

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir.1989). The withdrawing attorney bears the burden of proving the existence of good cause for withdrawal. *See Fed. Trade Comm'n v. Intellipay, Inc.*, 828 F.Supp. 33, 34 (S.D. Tex. 1993) ("The record must generally reflect an appropriate basis for granting leave [to withdraw]; unsubstantiated claims are insufficient."). In addition, this Court's local rules provide that, where an attorney seeks to withdraw from a representation and the identity of the succeeding attorney is not known, the withdrawing attorney must file a motion that: (1) specifies the reasons requiring withdrawal; (2) sets forth the client's name, address, and telephone number; and (3) "either bear[s] the client's signature approving withdrawal or state[s] specifically why, after due diligence, the attorney was unable to obtain the client's signature." *See* N.D. TEX. L. CIV. R. 83.12(a).

The decision whether to allow an attorney to withdraw is "entrusted to the sound discretion" of the district court. *Matter of Wynn*, 889 F.2d at 646 (citation omitted). "In the proper exercise of its discretion, the district court must insure that it is aware of the reasons behind the request" for withdrawal. *United States v. Cole*, 988 F.2d 681, 683 (7th Cir.1993). If a district court is not persuaded that good cause for withdrawal exists, it has substantial latitude to deny an attorney's motion to withdraw. *See Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999) ("District courts are due considerable deference in decisions not to grant a motion for an attorney's withdrawal."); *Cole*, 988 F.2d at 683 ("'Unless there is a demonstrated conflict of interests or counsel and defendant are embroiled in an irreconcilable conflict that is so great that it resulted in a total lack of communication preventing an adequate defense, there is no abuse of discretion in denying a motion to withdraw.'") (quoting *United States v. Morris*, 714 F.2d 669, 673 (7th Cir. 1983)) (internal quotation marks and brackets omitted).

"Whether good cause exists for an attorney to withdraw is a question of federal law." *White v. BAC Home Loans Servicing, LP*, No. 3:09-cv-2484-G, 2010 WL 2473833, at *2 (N.D. Tex. June 15, 2010) (citing *In re American Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir. 1992) (reaffirming that a motion to disqualify opposing counsel presents a question of federal law)). The Fifth Circuit has recognized that counsel may have good cause to withdraw when a client "refuses to pay for services." *Augustson v. Linea Aerea Nacional-Chile S.A.*, 76 F.3d 658, 663 (5th Cir.1996).

However, even where good cause for withdrawal exists, it is "incumbent on the

court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel." *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981). This requires the court to consider certain additional factors before allowing an attorney to withdraw. Those additional factors include: "(1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take and the financial burden it would impose on the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice." *White*, 2010 WL 2473833, at *3; *see also Dorsey v. Portfolio Equities, Inc.*, No. 3:04-CV-0472-B, 2008 WL 4414526, at *2 (N.D. Tex. Sept. 29, 2008).

## Analysis

Defendant's Counsel argue that they should be permitted to withdraw from representation of Defendant for two reasons: (1) Defendant's Counsel has had difficulty communicating regularly with Defendant; and (2) Defendant is in breach of his engagement agreement with Defendant's Counsel because he is behind in his payment of attorneys' fees. *See* Dkt. No. 81 at ¶¶ 6-7. Plaintiffs argue that Defendant, already intractable in responding to Plaintiffs' discovery demands, will be unlikely to comply with any forthcoming discovery orders – or to satisfy the Final Judgment – if Defendant's Counsel is permitted to withdraw. *See* Dkt. No. 79 at 5. While the undersigned agrees that Defendant's Counsel has demonstrated good cause for withdrawing based on their allegations (and evidence submitted in the sealed Lownds

Affidavit[1]) that Defendant has violated the terms of his engagement letter with Defendant's Counsel by failing to timely pay his attorneys' fees, consideration of the additional factors – in particular the extent to which the attorney's withdrawal will delay or disrupt the case; prejudice to Plaintiffs; and harm to the administration of justice – lead the undersigned to determine that Defendant's Counsel's Motion to Withdraw should be denied at this time.

Plaintiffs' argument against withdrawal raises important questions that do not appear to have been directly addressed in the case law of this circuit. However, the United States Court of Appeals for the Third Circuit, the United States Court of Appeals for the Fourth Circuit, and a district court in Arizona provide analogous cases involving similar facts. *See Ohntrup v. Firearms Center, Inc.*, 802 F.2d 676 (3d Cir. 1986); *Towns v. Morris*, 50 F.3d 8, 1995 WL 120687 (4th Cir. 1996); *S.E.C. v. Poirier*, No. 96-2243, 2007 WL 2462173 (D. Ariz. Aug. 24, 2007).

In *Ohntrup*, the Third Circuit reviewed a district court's decision denying the application of a law firm to withdraw as counsel of record for a defendant firearm

---

[1] Defendant's Counsel filed the Lownds Affidavit under seal based on assertions of attorney-client confidences and communications. The Court notes, however, that, "[a]s a general rule, client identity and fee arrangements are not protected as privileged," although the United States Court of Appeals for the Fifth Circuit has "recognized a narrow exception to this general rule, however, when revealing the identity of the client and fee arrangements would itself reveal a confidential communication." *In re Grand Jury Subpoena for Attorney Representing Criminal Defendant Reyes-Requena*, 926 F.2d 1423, 1431 (5th Cir. 1991). By **October 9, 2013**, Defendant's Counsel shall filed a brief, *in camera*, explaining why the Lownds Affidavit should remain unavailable to Plaintiffs, even if it were to otherwise remain filed under seal. For purposes of this order, however, Plaintiffs have suffered no prejudice from their counsel's lack of access to this filing.

manufacturer, which was wholly owned by the Turkish government and had no operations within the United States. The motion to withdraw came after a trial in which judgment was entered against the defendant. During the postjudgment phase, plaintiffs served discovery on defendant's law firm, even though the law firm was unable to learn from the defendant what action the defendant wanted the law firm to undertake on its behalf. The defendant informed the law firm that it no longer wished the law firm to continue its representation, and the law firm filed a motion to withdraw. The district court denied the law firm's request to withdraw, and the Third Circuit affirmed, holding that the district court had not abused its discretion.

Specifically, the district court found that permitting the law firm to withdraw would leave the court without the possibility of effective communication with the defendant as well as without "a reliable mechanism for responsible supervision of the post-judgment aspects of this litigation." *Ohntrup*, 802 F.2d at 679. The Third Circuit determined that "the district court fairly balanced [the law firm's] concerns with the court's need for effective communication and efficient administration." *Id.; see also Towns*, 50 F.3d 8, 1995 WL 120687, at *2 ("Given the dilatory progress of the litigation, the magistrate judge held that counsel should remain in the litigation until he complied with his discovery obligations. This approach is consistent with the court's responsibility to fairly and effectively administer the litigation.") (citing *Onthrup,* 802 F. 2d at 679); *Poirier*, 2007 WL 2462173 (denying motion to withdraw where defendant, after judgment had been entered against him, fled the United States because "counsel provides an invaluable mechanism for communication and service upon [defendant] in

his absence"). The Third Circuit relied specifically on facts that are present in this case. For example, in *Ohntrup*, the defendant was described as an "intractable litigant." *Ohntrup*, 802 F.2d at 679. In addition, the court highlighted the problem of leaving the court to deal with a litigant that could not communicate effectively in English. *See id.*

In this case, Defendant may be described as an "intractable litigant," where the Final Judgment has not been satisfied, and the parties are entrenched in a prolonged discovery dispute. In addition, Defendant's Counsel acknowledges that they have not been able to reach Defendant consistently and that, because of those difficulties, they will not be in position to comply with the Court's order to file a joint status report. *See* Dkt. No. 76, ¶ 2. Defendant's Counsel also points to a difficulty in communicating with Defendant because English is Defendant's second language. *See id.*

While the undersigned sympathizes with Defendant's Counsel's apparent difficulties in communicating with their client and possible financial burden if they are not allowed to withdraw, the Court must balance Defendant's Counsel's hardship with the efficient administration of the case, the interest of justice, and prejudice to Plaintiffs. Moreover, courts often require attorneys to continue representing a litigant when the attorney's departure from the case would delay or disrupt the proceedings. *See Cooper v. Wal-Mart Transp., LLC*, No. H-08-0085, 2010 WL 763548 (S.D. Tex. Mar. 3, 2010) (denying defense counsel's motion to withdraw when the defendant was required to file a response to plaintiff's judgment as a matter of law); *Small v. Regalbuto*, No. 1:06-CV-1721, 2009 WL 1911827, at *2 (N.D. Ohio June 29, 2009) (denying defense counsel's motion to withdraw when the defendant had outstanding

discovery obligations and had already substantially delayed discovery); *Taylor v. Stewart*, 20 F.Supp. 2d 882, 884 (E.D. Pa.1998) (denying defense counsel's motion to withdraw before meeting upcoming discovery deadlines); *Intellipay, Inc.*, 828 F.Supp. at 33 ("This court also finds that hardship would be imposed on the trial court, plaintiff, and defendants if counsel is permitted to withdraw approximately one month before trial.").

Defendant's Counsel is not required to continue its representation indefinitely. But withdrawal in the midst of a discovery dispute, with the deadline for a court-ordered status report looming, is not the appropriate time for Defendant's Counsel to withdraw under the particular circumstances of this case.

## Conclusion

Defendant's Amended Motion to Withdraw is DENIED without prejudice. By **October 9, 2013**, Defendant's Counsel shall filed a brief, *in camera*, explaining why the Lownds Affidavit [Dkt. No. 82] should remain unavailable to Plaintiffs, even if it were to otherwise remain filed under seal. In light of this order, the Court *sua sponte* extends the deadline for the parties' joint status report and appendix – as ordered on September 23, 2013, *see* Dkt. No. 78 – to **October 11, 2013**.

SO ORDERED.

DATED: October 2, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE