IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PETER DENTON, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:11-cv-2559-N |
| | § | |
| RUDOLF SUTER, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

The Court entered a judgment in this case in favor of Plaintiffs Peter Denton and Harvest Investors, L.P. against Defendant Rudolf Suter on August 23, 2012. *See* Dkt. No. 15. This case is now in its post-judgment phase. District Judge David Godbey has referred all further post-judgment discovery disputes to the undersigned magistrate judge, *see* Dkt. No. 46, along with Plaintiffs' application for turnover and appointment of receiver [Dkt. Nos. 49 & 66], *see* Dkt. No. 64. The undersigned issued a November 4, 2013 Order granting, among other things, Plaintiffs' request for attorneys' fees and costs pursuant to Fed. R. Civ. P. 37(a)(5)(A) in connection with their Motion to Compel. *See* Dkt. No. 94.

Plaintiffs' fee application and their application for turnover and appointment of receiver remain pending. *See* Dkt. Nos. 108 & 109. Also pending, but not referred to the undersigned, are Defendant's counsel's Second Motion to Withdraw [Dkt. No. 92] and Garnishee Pro Fit Optix, Inc.'s Motion to Dissolve Writ of Garnishment, Dismiss

Plaintiff's Application for Writ, and Answer Subject Thereto [Dkt. No. 121].

But, on January 21, 2014, Defendant filed a Notice of Bankruptcy Filing, informing the Court that Defendant filed for bankruptcy in the United States Bankruptcy Court for the Northern District of Texas on January 17, 2014, in cause number 14-30364-7, with the debtor being Rudolf Suter. *See* Dkt. No. 119. At the undersigned's request, Plaintiffs and Defendant filed briefs reporting their views on the effect of Defendant's bankruptcy and the 11 U.S.C. § 362 automatic stay on (1) the pending post-judgment discovery matters in this case, (2) Plaintiffs' application for turnover and appointment of a receiver, and (3) the undersigned's November 4, 2013 Order granting, pursuant to Fed. R. Civ. P. 37(a)(5)(A), Plaintiffs' request for attorneys' fees and costs in connection with their Motion to Compel. *See* Dkt. Nos. 120, 122, & 123.

Plaintiffs and Defendant agree that the Section 362(a) automatic stay in effect based on Defendant's bankruptcy filing has the effect of staying the pending matters listed above. *See* Dkt. Nos. 121, 122, & 123. Defendant asserts that "the stay should preclude any actions against the debtor or the debtor's property subject to appropriate motions in the bankruptcy court" and that "any action regarding discovery, turnover or enforcement of orders regarding fees and costs are stayed by the filing of the bankruptcy action." Dkt. No. 122 at 2. Plaintiffs report that they understand that the automatic stay "prevent[s] any entity from commencing or continuing actions against the debtor or property of the debtor's bankruptcy estate for the purpose of collecting on a debt that arose prior to the bankruptcy petition date," that, "[w]hile there are

certain exceptions to the automatic stay found in 11 U.S.C. § 362(b), it does not appear at this time that any of those exceptions are applicable in this instance," and that "the automatic stay precludes the parties and this Honorable Court from taking any action in connection with the pending post-judgment discovery matters, including Plaintiff's application for turnover and appointment of a receiver and the Honorable Court's November 4, 2013 Order granting, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), Plaintiffs' request for attorney's fees and cost[s] in connection with their Motion to Compel." Dkt. No. 123 at 1-2. For its part, Pro Fit Optix, Inc., against whom Plaintiffs have requested and obtained from the Clerk of the Court a writ of garnishment, contend that the garnishment proceeding against it is also automatically stayed as a result of Defendant's bankruptcy filing. *See* Dkt. No. 121 at 1.

The undersigned agrees. Section 362(a)(1) provides for an automatic stay of any judicial "proceeding against the debtor." 11 U.S.C. § 362(a)(1). Section 362(a)(2) further stays "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title." *Id.* § 362(a)(2). "Section 362(a)(3) provides that the filing of a petition 'operates as a[n] [automatic stay] applicable to all entities, of ... any act to obtain possession of property of the estate or of property from the estate'" or "to obtain or exercise control over the property of the debtor." *Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1148 (5th Cir. 1987) (quoting 11 U.S.C. § 362(a)(3)). Section 362(a)(6) stays "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this Title." 11 U.S.C. § 362(a)(6).

In short, the automatic stay generally forestalls any action against debtors in bankruptcy. *See Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003). But courts retain jurisdiction "to determine the applicability of the stay to litigation pending before them, and to enter orders not inconsistent with the terms of the stay." *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990).

Based on the various provisions of Section 362(a) noted above, and consistent with the parties' positions, the undersigned concludes that Defendant's bankruptcy filing and the resulting Section 362(a) stay has the effect of staying any action by this Court on: (1) the pending post-judgment discovery matters in this case; (2) Plaintiffs' application for turnover and appointment of a receiver; (3) the undersigned's November 4, 2013 Order granting, pursuant to Fed. R. Civ. P. 37(a)(5)(A), Plaintiffs' request for attorneys' fees and costs in connection with their Motion to Compel; and (4) Plaintiffs' efforts to collect their judgment against Defendant through garnishment against Pro Fit Optix, Inc., apparently as Defendant's employer.

**Recommendation**

The pending matters in this case initiated by Plaintiffs Peter Denton and Harvest Investors, L.P. against, or to collect on their judgment against, Defendant Rudolf Suter are subject to 11 U.S.C. § 362(a)'s automatic stay protections. The case is already closed and so need not be administratively closed in light of the stay. But the undersigned respectfully recommends that the Court order that all pending postjudgment matters in the case are stayed and that all pending deadlines and motions (including Plaintiffs' application for turnover and appointment of receiver

[Dkt. Nos. 49 & 66]) are terminated, subject to this stay's being lifted upon the motion of any party if the 11 U.S.C. § 362 automatic stay is lifted by the bankruptcy court, whether before or at the time that Mr. Suter's bankruptcy proceedings are concluded.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 29, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE