IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PETER DENTON, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:11-cv-2559-N |
| | § | |
| RUDOLF SUTER, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

**Background**

Plaintiffs Peter Denton and Harvest Investors, L.P. applied for and obtained

from the Clerk of the Court a writ of garnishment directed to Pro Fit Optix, Inc. in this

proceeding, which is now post-judgment. *See* Dkt. Nos. 110, 111, 112, 113, & 114. After

service of the writ, Pro Fit Optix, Inc. filed a Motion to Dissolve Writ of Garnishment,

Dismiss Plaintiff's Application For Writ, and Answer Subject Thereto. *See* Dkt. No.

121. After the bankruptcy stay was lifted, and United States District Judge David C.

Godbey referred this motion to the undersigned United States magistrate judge, *see*

Dkt. No. 128, the undersigned issued the following Electronic Order:

> United States District Judge David C. Godbey has referred Garnishee Pro
> Fit Optix, Inc.'s Motion to Dissolve Writ of Garnishment, Dismiss
> Plaintiff's Application for Writ, and Answer Subject Thereto [121] to the
> undersigned United States magistrate judge for determination. See Dkt.
> No. 128. Plaintiffs must file a response to this motion by December 1,
> 2014, and Garnishee Pro Fit Optix, Inc. may file a reply by December 8,
> 2014. In these filings, the parties should address whether the Court must
> dissolve Plaintiffs' writ of garnishment [113] because Plaintiffs' effort to

-1-

seek enforcement of their judgment through garnishment filings in this case is procedurally improper for the reasons explained in the Court's Memorandum Opinion and Order [Dkt. No. 115] in Hernandez v. Aleman Constr., Inc., No. 3:10-cv-2229-BN (N.D. Tex. Jan. 29, 2014).

Dkt. No. 133.

In the referenced Memorandum Opinion and Order in *Hernandez*, the undersigned concluded that a writ of garnishment sought under similar circumstances must be dissolved under Fifth Circuit precedent for the following reasons:

Plaintiff Leopoldo Rivera Hernandez brought a claim under the Fair Labor Standards Act ("FLSA") for unpaid overtime wages against Defendants Aleman Construction, Inc. and Guillermo Aleman. After trial, the Court issued a Judgment that Plaintiff shall recover from Defendants, jointly and severally, damages in the amount of $45,800.00, as well as post-judgment interest at the prevailing legal rate until paid, $73,431.25 in attorney's fees, and $2,307.30 in costs. *See* Dkt. No. 104.

On November 25, 2013 and December 3, 2013, Plaintiff filed requests for the Clerk of the Court to issue a Writ of Garnishment on Bank of America, N.A., as a garnishee to Defendants, and the Clerk issued the writs. *See* Dkt. Nos. 106, 108, 109, & 110. On December 23, 2013, Bank of America, N.A. filed an Answer to Writ of Garnishment. *See* Dkt. No. 111. Neither Plaintiff nor Defendants have responded to the answer.

Plaintiff's effort to seek enforcement of his judgment through garnishment filings in this same case is understandable but, the Court concludes, misplaced. The Court has an independent duty to examine its own jurisdiction. *See generally Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999). Here, Plaintiff has, through a request to the Clerk of the Court, instituted a new proceeding against a third party – Bank of America, N.A. – who was a stranger to this FLSA action and judgment against Defendants. This case is closed, and Plaintiff did not otherwise take steps to join Bank of America, N.A. as a party to this FLSA action – for which the time has long since passed, *see* Dkt. No. 41 – nor does the Court understand Plaintiff to have intended to do so.

Rather, Plaintiff seeks to institute a garnishment proceeding against Bank of America, N.A. in order to collect on Plaintiff's judgment against Defendants. But the United States Court of Appeals for the Fifth Circuit has held that a garnishment action seeking enforcement against third parties who were strangers to the underlying judgment requires the

-2-

institution of a new proceeding, separate from the primary action that established the judgment debt. *See Berry v. McLemore*, 795 F.2d 452, 455 (5th Cir. 1986). "The writ of garnishment, under the clear precedent of [the Fifth Circuit], is an action separate and independent from the action giving rise to the judgment debt." *Id.*

And the Fifth Circuit has further held that this Court does not have "ancillary jurisdiction" over any garnishment proceeding, even though the garnishment is sought to satisfy the earlier judgment entered in the same case. *See id.* As the Court of Appeals explained in later following its *Berry* decision in a bankruptcy matter,

> [*Berry*] dealt with a money judgment previously rendered by the same court in which the judgment creditor was seeking to garnish the judgment debtor's former employer. Moreover, the court in question was a federal district court and thus a court of broader jurisdiction than a bankruptcy court. As in the instant case, the judicial proceeding in which the money judgment was rendered had been completed and was inactive, and the third party against whom the garnishment was sought in the second proceeding had not been a party to the first.

*In re Bass*, 171 F.3d 1016, 1024 (5th Cir. 1999). The Fifth Circuit "held in *Berry* that the district court lacked jurisdiction to entertain the garnishment." *Id.*

This Court is bound by Fifth Circuit precedent to conclude that Plaintiff's writ of garnishment is necessarily an action separate and independent from this action giving rise to the judgment debt and that this Court lacks jurisdiction in this closed action to entertain Plaintiff's attempted garnishment of Bank of America, N.A. as Defendants' bank or, for that matter, Bank of America, N.A.'s request to recover its attorneys' fees and costs. The same basic facts are in play here, where, as in *Berry*, Bank of America, N.A. was a stranger to the underlying FLSA suit and judgment, "the alleged obligations of [Bank of America, N.A.] are completely independent of the primary judgment against" Defendants for FLSA violations, and this case in which the underlying money judgment was rendered had been completed and was inactive at the time that Plaintiff sought the writs of garnishment. *Berry*, 795 F.2d at 455.

The holding and reasoning of *Berry* require the Court to conclude that Plaintiff must initiate a new, separate action for any writ of garnishment on Bank of America, N.A. If that action is to be filed in the United States District Court for the Northern District of Texas, Plaintiff must establish an independent basis for federal subject-matter jurisdiction over the state-law-based garnishment proceeding, such as diversity jurisdiction under 28 U.S.C. § 1332. *See id.* at 456.

> Because a garnishment proceeding against a third party must be instituted as an action separate and independent from this action giving rise to the judgment debt and because the Court lacks jurisdiction in this action to entertain Plaintiff's attempted garnishment of Bank of America, N.A., the Court ORDERS that the writs of garnishment issued on Bank of America, N.A. by the Clerk of the Court in this case are dissolved.

*Hernandez v. Aleman Constr., Inc.*, No. 3:10-cv-2229-BN, 2014 WL 6481902, at *1-*2 (N.D. Tex. Jan. 29, 2014).

In response to this Memorandum Opinion and Order and the Court's Electronic Order [Dkt. No. 133], Plaintiffs filed a Motion to Dismiss Garnishment Proceeding Without Prejudice [Dkt. No. 135], reporting that "they no longer desire to prosecute their claims against Garnishee, Pro Fit Optix, Inc. in this proceeding and ... request Pro Fit Optix, Inc. be dismissed without prejudice to refiling" and that "the Court enter an Order dismissing the garnishment writ issued to Pro Fit Optix, Inc. only and without prejudice to filing a garnishment in a separate proceeding with costs to be taxed against the party incurring same." Dkt. No. 135 at 1.

Pro Fit Optix, Inc. responded that it "has no objection to the dismissal of Garnishors' claims" but "believes that it is entitled to a recovery of attorney's fees under Rule 677 of the Texas Rules of Civil Procedure" and "specifically objects to the dismissal of Garnishors' claims, *with costs to be taxed against the party incurring same.*" Dkt. No. 140 at 1-2 (emphasis in original).

Plaintiffs have not responded to this objection or filed a reply in support of their own motion, and their time to do so has passed. *See* N.D. TEX. L. CIV. R. 7.1(f).

## Analysis

Based on Plaintiffs' unopposed request and the analysis in the *Hernandez* Memorandum Opinion and Order quoted above, the writ of garnishment directed to Pro Fit Optix, Inc. ("Pro Fit") should be dissolved and Pro Fit should be dismissed from this proceeding without prejudice to Plaintiffs' filing a garnishment in a separate proceeding. The undersigned notes that here, unlike the application for a writ filed in *Hernandez*, Plaintiffs' application for a writ acknowledged and pleaded the basis for jurisdiction over Pro Fit, *see* Dkt. No. 110, but the application itself, which discusses Plaintiffs as plaintiffs in garnishment, only serves to highlight that Plaintiffs' proceeding with a garnishment action against a third party in this closed action against Defendant Rudolf Suter is procedurally improper under the Fifth Circuit's binding precedent in *Berry v. McLemore*, 795 F.2d 452 (5th Cir. 1986), and *In re Bass*, 171 F.3d 1016 (5th Cir. 1999).

The only contested issue, then, is whether Pro Fit is entitled to an award of costs, including reasonable attorneys' fees, under Texas Rule of Civil Procedure 677. Where Plaintiffs' attempted garnishment was brought under Texas state law, Texas Rule of Civil Procedure 677 would govern the award of any costs and fees. *See Walker Int'l Holdings, Ltd. v. Republic of Congo*, 415 F.3d 413, 414-15 (5th Cir. 2005). Texas Rule of Civil Procedure 677 provides: "Where the garnishee is discharged upon his answer, the costs of the proceeding, including a reasonable compensation to the garnishee, shall be taxed against the plaintiff; where the answer of the garnishee has not been controverted and the garnishee is held thereon, such costs shall be taxed

against the defendant and included in the execution provided for in this section; where the answer is contested, the costs shall abide the issue of such contest." "The term 'costs' in this rule has repeatedly been interpreted as including attorney's fees. *Gen. Elec. Capital Corp. v. ICO, Inc.*, 230 S.W.3d 702, 710 (Tex. App. – Houston [14 Dist.] 2007, pet. denied).

The question to be decided is whether Rule 677, by its terms, authorizes recovery of costs under these unusual circumstances, where Plaintiffs improperly brought the garnishment proceeding in this action.

The United States Court of Appeals for the Fifth Circuit has explained that Rule 677 "strongly suggests that a garnishee who contests a writ of garnishment and prevails is entitled to attorney's fees because of the successful result of that 'contest'" and that "Texas case law confirms this understanding of the statute's language: '[u]nder rule 677, (1) a garnishee who contests and loses cannot get attorney's fees, and (2) a garnishee who contests and wins must get attorney's fees.'" *Walker*, 415 F.3d at 417 (quoting *Rowley v. Lake Area Nat'l Bank*, 976 S.W.2d 715, 724 (Tex. App. – Houston [1st Dist.] 1998, pet. denied)). The Fifth Circuit further concluded that "Rule 677 indisputably contemplates that answers will be contested and that the award of attorney's fees is connected to the ultimate outcome of the case" and that "the intent of the statute is that at the conclusion of the litigation, the trial court applies Rule 677, determining which party prevailed in the contest, and to what extent, and then exercises its discretion in setting the award of the fees." *Id.* at 417-18.

Pro Fit Optix, Inc. "has counterclaimed for its fees under Rule 677" and

"contends that it is entitled to its fees under the first and third stanzas of Rule 677" – "[w]here the garnishee is discharged upon his answer, the costs of the proceeding, including a reasonable compensation to the garnishee, shall be taxed against the plaintiff" and, "where the answer is contested, the costs shall abide the issue of such contest." Dkt. No. 140 at 2; TEX. R. CIV. P. 677. Pro Fit asserts that there is a "contest" based on its motion to dissolve and dismiss the writ, that Plaintiffs' voluntary nonsuit is the same as a discharge on a garnishee's answer, and that, even if it were not, Pro Fit's motion to dissolve and dismiss coupled with the dismissal justifies a Rule 677 award of fees, relying on *Spector Gadon & Rosen, P.C. v. Southwest Securities, Inc.*, 372 S.W.3d 244 (Tex. App. – Dallas 2012, no pet.). *See* Dkt. No. 140 at 2-3.

In *Spector*, under somewhat similar but still different facts, the Dallas Court of Appeals held that a garnishee could be awarded Rule 677 fees where, after a "contest" involving a discovery dispute in the garnishment proceeding, the garnishor nonsuited the garnishment proceeding, which the garnishee characterized as the garnishor's "abandoning" its garnishment action. *See* 372 S.W.3d at 248-51. But, here, Plaintiffs are not voluntarily dismissing because they are abandoning seeking garnishment or relenting to Pro Fit's arguments for dissolution and dismissal in Pro Fit's motion. Plaintiffs instead are conceding that a garnishment action must, as a procedural matter – as the Court's Electronic Order suggested following the *Hernandez* Memorandum Opinion and Order – be brought as a separate proceeding.

Where Plaintiffs expressly seek dismissal and dissolution without prejudice to filing a garnishment action in a separate proceeding, the undersigned concludes that

Plaintiffs' voluntary dismissal here cannot be fairly characterized as abandoning their garnishment action, as in *Spector*, or as an instance of "a garnishee who contests and wins [who] must get attorney's fees.'" *Walker*, 415 F.3d at 417 (quoting *Rowley*, 976 S.W.2d at 724). Simply put, following the *Hernandez* Memorandum Opinion and Order, the undersigned would have recommended dismissal of Pro Fit and dissolution of the writ without prejudice in this case even if Plaintiffs had not moved for this relief. *Cf. First State Bank Central Tex. v. Lakeway Regional Med. Ctr. Dev., LLC*, No. 03-13-00058-CV, 2014 WL 709221, at *5 (Tex. App. – Austin Feb. 20, 2014, pet. denied) ("Even were we to conclude that Lakeway does fall within the definition of a 'prevailing party,' an issue we need not address, the text of Rule 677 does not mandate an award of attorneys' fees when a garnishment proceeding is dismissed for lack of subject-matter jurisdiction. Rule 677 provides that the court must award costs against the plaintiff if the garnishee is 'discharged upon his answer' and must tax costs against the defendant if the garnishee's answer is uncontroverted and the garnishee 'is held thereon.' But the rule provides that when, as here, the garnishee's answer is contested, the court must award costs to the party that prevails on 'such contest.' The rule does not contemplate an award of attorneys' fees when the trial court, without regard to the merits, dismisses the garnishment proceeding for lack of subject-matter jurisdiction. We reject Lakeway's contention that it is entitled to fees pursuant to the third provision of rule 677 – that the costs 'shall abide the issue of such contest.' Here, Lakeway filed an answer stating that it did not have property in its possession that was subject to garnishment, and FSB contested that answer. The trial court did not

make a determination regarding 'the issue of such contest' but instead dismissed the case for lack of subject-matter jurisdiction. We hold that Rule 677 does not provide for an award of costs to a garnishee when the garnishment proceeding is dismissed for lack of subject-matter jurisdiction." (footnote omitted)).

The other question that must be answered, then, is whether Plaintiffs' voluntary dismissal and dissolution amounts to Pro Fit, as the garnishee, being discharged upon its answer. Texas Rule of Civil Procedure 666 describes the circumstances for a garnishee's being discharged on its answer: "If it appears from the answer of the garnishee that he is not indebted to the defendant, and was not so indebted when the writ of garnishment was served upon him, and that he has not in his possession any effects of the defendant and had not when the writ was served, and if he has either denied that any other persons within his knowledge are indebted to the defendant or have in their possession effects belonging to the defendant, or else has named such persons, should the answer of the garnishee not be controverted as hereinafter provided, the court shall enter judgment discharging the garnishee."

The Dallas Court of Appeals in *Spector*, in the context of the nonsuit in that case, avoided answering this question presented here, but *Spector* did cite an earlier Texarkana Court of Appeals decision that held that non-suit is a formal abandonment of a garnishment action with all costs properly taxable against creditor and that non-suit on an uncontroverted answer entitled a garnishee to an award of attorneys' fees under the first provision of Rule 677. *See Spector*, 372 S.W.3d at 250 n.3 ("Thus, under the circumstances presented, it is unnecessary to address the parties' arguments

that Southwest was, or was not, effectively 'discharged upon [its] answer' as provided in the first of rule 677's provisions.") (citing *J.C. Hadsell & Co. v. Allstate Ins. Co.*, 516 S.W.2d 211, 213-14 (Tex. Civ. App. – Texarkana 1974, writ dism'd)).

Again, however, whatever may have been the case in the *J.C. Hadsell* case, Plaintiffs' motion here is not fairly characterized as an abandonment under the circumstances. Plaintiffs decided to forego responding to Pro Fit's motion to dissolve and dismiss based on the procedural defect that the Court raised, but Plaintiffs expressly seek dismissal without prejudice to filing a garnishment action as a separate proceeding. *See* Dkt. No. 135.

Plaintiffs, then, did not abandon their action for garnishment after contesting Pro Fit's challenges to the writ, *see* Dkt. No. 121, or, as in the *J.C. Hadsell* case, after failing to contest or controvert Pro Fit's answer, as Rule 666 requires for a garnishee's being discharged on an answer. Rather, due to an overarching procedural defect based on binding Fifth Circuit precedent, Plaintiffs' garnishment action simply will not reach those stages as part of this proceeding – but may as part of a separate proceeding.

The undersigned recognizes, as other courts have noted, that Rule 677's purpose "is to allow recovery of costs by an innocent third party garnishee who is a mere stakeholder." *Zions First Nat'l Bank v. First Nat'l Bank in Pampa*, Misc. No. 294-201-FJ, 1994 WL 543047, at *4 (Bankr. N.D. Tex. Sept. 23, 1994). But Rule 677 does so by authorizing an award of fees to a garnishee who contests and wins, *see Walker*, 415 F.3d at 417, or who "did no more than answer" and was then discharged, *Silber v. Broadway Nat'l Bank*, 901 S.W.2d 672, 674 (Tex. App. – San Antonio 1995, writ

denied).

Pro Fit does not, under the present circumstances, qualify as either a garnishee who contested and won or a garnishee who did no more than properly answer and, after the garnishor failed to controvert the answer, was then discharged. Pro Fit contested the writ, and then Plaintiffs acknowledged that the garnishment action needs to go forward as a separate proceeding, for reasons having nothing to do with Pro Fit's challenges to the writ or its answer. And the undersigned is not here recommending that the Court dissolve the writ of garnishment based on any substantive or procedural issue with the writ itself or that the Court discharge ProFit based on its answer as to whether it is indebted to Suter in any manner that is subject to garnishment. Rather, Plaintiffs incorrectly pursued garnishment in this action as opposed to in a separate proceeding and now voluntarily seek to dissolve the writ and dismiss the garnishee without prejudice to Plaintiffs' filing a garnishment action in a separate proceeding.

The undersigned concludes that, for Rule 677's purposes, Pro Fit is no more being discharged on its answer than can it be said to, under these circumstances, have "contest[ed] a writ of garnishment and prevail[ed]." *Walker*, 415 F.3d at 417. The present circumstances are, if anything, more akin to those in *Silber*, in which "the garnishee had not answered at all when the garnishment proceeding was dissolved" on a motion by the judgment debtor and so "Rule 677 [was] inapplicable." 901 S.W.2d at 674.

Accordingly, the undersigned concludes that an award of costs and fees to Pro

Fit under Rule 677 is not appropriate under these circumstances and that Pro Fit's counterclaim for recovery of costs and fees under Rule 677 should be dismissed without prejudice to Pro Fit's raising it again if Plaintiffs refile their garnishment action in a separate proceeding.

## Recommendation

For the reasons explained above, the Court should:

· find as moot and terminate Garnishee Pro Fit Optix, Inc.'s Motion to Dissolve Writ of Garnishment, Dismiss Plaintiff's Application for Writ, and Answer Subject Thereto [Dkt. No. 121];

· grant Plaintiffs' Motion to Dismiss Garnishment Proceeding Without Prejudice [Dkt. No. 135]; and

· order that (1) the writ of garnishment [Dkt. No. 113] issued to Pro Fit Optix, Inc. by the Clerk of the Court in this case is dissolved and Pro Fit Optix, Inc. and its counterclaim for costs and expenses, including reasonable attorneys' fees, as provided for in Texas Rule of Civil Procedure 677, are dismissed without prejudice to Plaintiffs' filing a separate garnishment proceeding and without prejudice to Pro Fit Optix, Inc.'s then raising its counterclaim and (2) that costs will be taxed against the party incurring same.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 9, 2015

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE