IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PETER DENTON, ET AL.,       §
§
     Plaintiffs,       §
§
V.                      §       No. 3:11-cv-2559-N
§
RUDOLF SUTER,       §
§
     Defendant.      §

## MEMORANDUM OPINION AND ORDER AWARDING ATTORNEYS' FEES ON MOTION TO COMPEL[1]

### Background

Plaintiffs Peter Denton and Harvest Investors, L.P. ("Plaintiffs") filed a Motion for Sanctions, Contempt and to Compel (the "First Contempt Motion"). *See* Dkt. No. 149. United States District Judge David C. Godbey has referred all post-judgment discovery disputes in this case to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b). *See* Dkt. No. 128.

Plaintiffs' First Contempt Motion requested as relief that the Court enter an order

    1.     compelling Defendant Rudolf Suter [("Defendant" or "Suter")] to pay the attorneys' fees award, as set out in the December 24, 2014

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

        Order Awarding Attorneys' Fees on Motion to Compel [Dkt. No. 141], to Plaintiffs within 10 business days of entry of an order on the First Contempt Motion, and, if Suter should fail to do so, imposing monetary sanctions against Suter in the amount of $100 per day until Suter has fully complied with the December 24, 2014 Order Awarding Attorneys' Fees on Motion to Compel;

2.     compelling Suter to answer or supplement and verify his answers to Interrogatory Nos. 10, 12, 14, 21, and 23 of Plaintiffs' First Set of Interrogatories and Interrogatory Nos. 34, 50, 51, 55, 68, 71, 72 and 78 of Plaintiffs' Second Set of Interrogatories within ten business days of entry of an order on the First Contempt Motion, and, if Suter should fail to do so, imposing monetary sanctions against Suter in the amount of $100 per day until Suter has fully complied with answering or supplementation and verifying of his Answers to Plaintiffs' First and Second Sets of Interrogatories as set out in the November 4, 2013 Order; and

3.     awarding Plaintiffs their costs and reasonable and necessary attorneys' fees incurred in preparing and presenting their Motion for Sanctions, Contempt and to Compel.

*See* Dkt. No. 149 at 6-7.

    The Court held a hearing and oral argument on Plaintiffs' First Contempt Motion on October 19, 2015, and Plaintiffs' counsel and Defendant personally appeared. *See* Dkt. No. 155.

    At the hearing, Defendant did not contest that he had not fully answered or supplemented, and verified his answers under oath, to Interrogatory Nos. 10, 12, 14, 21, and 23 of Plaintiffs' First Set of Interrogatories and Interrogatory Nos. 34, 50, 51, 55, 68, 71, 72 and 78 of Plaintiffs' Second Set of Interrogatories, as the Court's November 4, 2013 Order required. And Defendant represented to the Court that he could and would do so within 10 business days of the date of an order granting Plaintiffs' Motion. Accordingly, in an October 19, 2015 Order Granting Motion to Compel [Dkt. No. 158], the Court granted Plaintiffs' First Contempt Motion insofar as

Defendant was ordered to fully answer or supplement his answers, and verify his answers under oath, to Interrogatory Nos. 10, 12, 14, 21, and 23 of Plaintiffs' First Set of Interrogatories and Interrogatory Nos. 34, 50, 51, 55, 68, 71, 72 and 78 of Plaintiffs' Second Set of Interrogatories, as required by the Court's November 4, 2013 Order [Dkt. No. 94], by November 2, 2015. *See* Dkt. No. 158 at 2-3. Further, at the October 19, 2015 hearing, Defendant did not contest that he had not paid Plaintiffs $27,605.00 under Federal Rule of Civil Procedure 37(a)(5)(A) as required by the Court's December 24, 2014 Order Awarding Attorneys' Fees on Motion to Compel. Accordingly, the Court granted Plaintiffs' First Contempt Motion insofar as Defendant was ordered to pay, as required by the Court's December 24, 2014 Order Awarding Attorneys' Fees on Motion to Compel [Dkt. No. 141], Plaintiffs Peter Denton and Harvest Investors, L.P. the amount of $27,605.00 for payment of reasonable and necessary attorneys' fees under Rule 37(a)(5)(A) by November 9, 2015. *See* Dkt. No. 158 at 3.

The Court's October 19, 2015 Order Granting Motion to Compel noted that Plaintiffs also seek through their First Contempt Motion recovery of their costs and reasonable and necessary attorneys' fees incurred in preparing and presenting their First Contempt Motion in the amount of $3,919.50 and that Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted "or if the ... requested discovery is provided after the motion was filed," "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except

-3-

that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.* The Court granted Defendant until November 9, 2015 "to file a response to Plaintiffs' request for an order requiring Defendant counsel to pay Plaintiffs, as required by Rule 37(a)(5), the expenses, including attorneys' fees, that Plaintiffs incurred in making their" First Contempt Motion [Dkt. No. 149] and explained that, "[i]n his response, Defendant should fully explain whether he contends that Plaintiffs filed their Motion for Sanctions, Contempt and to Compel before attempting in good faith to obtain the discovery and compliance with prior court orders without court action, whether Defendant's nondisclosures or failures to act or comply at issue were 'substantially justified,' or whether other circumstances make an award of expenses under Rule 37(a)(5) unjust" and "should further respond to Plaintiffs' requested amount of fees and make objections that he may have, if any, to the rates and reported hours by which Plaintiffs' counsel calculated the requested fee award." *Id.* at 4-5.

The Court further ordered that Plaintiffs may file a reply in support of their request for an award of expenses under Rule 37(a)(5) by November 23, 2015 and deferred "ruling on Plaintiffs' request for an award of expenses under Rule 37(a)(5) as to their Motion for Sanctions, Contempt and to Compel [Dkt. No. 149] pending this additional briefing." *Id.* at 5.

After Plaintiffs filed a Second Motion for Sanctions, Contempt and to Compel

-4-

[Dkt. No. 160], Defendant belatedly filed what may be construed as a response to the Court's October 19, 2015 Order Granting Motion to Compel as to a Rule 37(a)(5) award of expenses. *See* Dkt. No. 162.

In this response, Defendant contended that he "has done everything in his power to comply with the Court's orders and his discovery obligations in this matter"; that he "has expended considerable time and money collecting and producing the required documents and providing the answers"; and that he "has also tried very hard to comply with [the] Court's orders relating to prior sanctions awards, paying a total of $27,605.00 in sanctions to pay legal fees to Peter Denton and Harvest Investors, LP," and "has tried to get loans and offered Peter Denton and Harvest Investors L.P. to pay over time with funds owned by his employer to Suter for deferred pay." Dkt. No. 162 at 1.

Defendant further asserts that, in his "Chapter 7 case and the Rule 2004 Examination, Peter Denton and Harvest Investors L.P. asked the same questions and asked for the same documents as they do in the First and second motion[s] for sanctions," and Defendant "now requests that the Court waive the additional sanctions." *Id.* Defendant's response further describes the history of his compliance with discovery obligations in his bankruptcy case and appears to take issue with continued enforcement of certain Bankruptcy Court orders that are not before the Court in this case. *See id.* at 2-4. Finally, Defendant contends that Plaintiffs "have been copied with all the documents during the [Rule] 2004 Examination, all the documents and questions requested by [Plaintiffs] during this order were the same"

and that "[i]t is unreasonable, excessive and a harassment to ask in a different court again for the same discovery." *Id.* at 4.

In reply, Plaintiffs contend that Defendant does not contest their request for "summited fees" in the amount of $3,919.50 in connection with their First Contempt Motion and note that Defendant's response "does not address, let alone oppose, the latest fees sought by" Plaintiffs. Dkt. No. 163 at 4, 6.

## Legal Standards

The undersigned has authority to enter a nondispositive order granting attorneys' fees as a sanction under Federal Rule of Civil Procedure 37. *See* Dkt. No. 27; 28 U.S.C. § 636(b); *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. Unit A 1981) (per curiam).

"This Court uses the 'lodestar' method to calculate attorney's fees." *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing *Fender v. Zapata Partnership, Ltd.*, 12 F.3d 480, 487 (5th Cir.1994); *Saizan v. Delta Concrete Prods., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006). The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (*citing Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). The relevant legal

community is the community in which the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).

The party seeking reimbursement of attorneys' fees bears the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id.* The hours remaining are those reasonably expended. *See id.* There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan*, 448 F.3d at 800.

After calculating the lodestar, the Court may either (1) accept the lodestar figure or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324, 329 (5th Cir. 1995); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the

nature and duration of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 448 F.2d at 717-19; *see also Saizan*, 448 F.3d at 800. Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins,* 7 F.3d at 457.

Additionally, a party seeking attorneys' fees may only recover for time spent in preparing the actual discovery motion – that is, the "reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A).

The undersigned recognizes that the analysis set forth above, and particularly the interplay of the lodestar analysis and the *Johnson* factors, has recently been called into question. *See Perdue*, 559 U.S. at 552-53; *S&H Indus., Inc. v. Selander*, No. 3:11-cv-2988-M-BH, 2013 WL 6332993, at *2-*3 (N.D. Tex. Dec. 5, 2013). But in a recent opinion, the United States Court of Appeals for the Fifth Circuit, without comment or reference to the United States Supreme Court's decision in *Perdue*, continued to utilize the approach laid out by this Court. *See Black v. SettlePou, P.C.*, 732 F.3d 492, 502-03 (5th Cir. 2013). *But see In re Pilgrim's Pride Corp.*, 690 F.3d 650, 663-64 (5th Cir. 2012) (analyzing whether any changes brought about by *Perdue* apply to bankruptcy attorneys' fees calculations); *but see also In re ASARCO, L.L.C.*, 751 F.3d 291, 296 (5th Cir. 2014) (following *Pilgrim's Pride*).

In *Perdue*, the Supreme Court was ultimately considering the appropriateness of an enhancement of an award of attorneys' fees, and Defendants here have not requested such an enhancement. Other factors also distinguish this case from *Perdue*, including the fact that *Perdue* involved a 42 U.S.C. § 1988 claim and the fees were

therefore paid by state and local taxpayers. *See Perdue*, 559 U.S. at 558. Moreover, after the lodestar amount is determined, it may not be adjusted due to a *Johnson* factor that was already taken into account during the initial calculation of the lodestar, *see Saizen*, 448 F.3d at 800, and the lodestar calculation may take into account several *Johnson* factors, *see Black*, 732 F.3d at 503 n.8.

In light of the circumstances in this case – where there is no request for enhancement and no Section 1988 claim – the Court will not address whether *Perdue* changed the landscape of calculating attorneys' fees awards in the Fifth Circuit. Rather, it will take into account the necessary factors when determining the appropriate amount of attorneys' fees.

## Analysis

Based on the record in this case, the Court finds that Plaintiffs filed their First Contempt Motion only after attempting in good faith to obtain the discovery and compliance with prior court orders without court action, that Defendant's nondisclosures or failures to act or comply at issue were not substantially justified, and that no other circumstances make an award of expenses under Rule 37(a)(5) unjust. Further, Defendant has not filed a response containing any objections to the rates and reported hours by which Plaintiffs' counsel calculated the requested fee award.

Plaintiffs seek recovery of their costs and reasonable and necessary attorneys' fees incurred in preparing and presenting their First Contempt Motion in the amount of $3,919.50. *See* Dkt. No. 149 at 7; Dkt. No. 149-1 at 9-10 of 10. This amount is made up of 16.1 hours at $225 an hour ($3,622.50) for the work performed by attorney Robert

D. Allen and 3.3 hours at $90 an hour ($297.00) for the work performed by legal assistant Lori A. Black. *See* Dkt. No. 149-1 at 9-10 of 10. Plaintiffs seek no other award of expenses in connection with the work on their First Contempt Motion.

Plaintiffs' request is supported by the Affidavit of Robert D. Allen in Support of Attorneys Fees Incurred in Connection with Plaintiffs' Motion for Sanctions, Contempt and to Compel [Dkt. No. 149-1]. Mr. Allen declares that he is an experienced attorney primarily engaged in litigation matters who has handled many cases in both state and federal court in Texas. He declares that the work that he and Ms. Black performed for which Plaintiffs seek an award of attorneys' fees is limited to work performed on behalf of Plaintiffs in connection with their First Contempt Motion, and the Court finds that that is the appropriate universe of billing entries for this Rule 37(a)(5) award. The billing records submitted by Mr. Allen reflect the work performed by Mr. Allen and Ms. Black with a narrative description of the work done and the number of hours that it took to complete the work. *See* Dkt. No. 149-1. Mr. Allen further declares, and the Court finds, that the attorney and legal assistant performing this work possessed the requisite skill and experience to properly perform the legal services rendered.

Mr. Allen declares that the rates charged by Mr. Allen and Ms. Black are consistent with, if not lower than, rates customarily charged in Dallas for similar legal services. *See* Dkt. No. 149-1. The Court finds that the prevailing rate in Dallas County for attorneys and legal assistants with the experience, skill, and ability of Defendants' attorney and legal assistant is, if anything, higher than the rates and fees charged by these timekeepers. The Court finds, based on the information and record before the

Court, including Mr. Allen's affidavit, that the requested hourly rates in this case are reasonable and are within the market rate for attorneys and paralegals handling this type of litigation in the Dallas area. *See generally Vanliner Ins. Co. v. DerMargosian*, No. 3:12-cv-5074-D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the Court is an expert on the reasonableness of attorneys' fees).

The Court finds the appropriate lodestar here to be calculated as 16.1 hours at $225 an hour ($3,622.50) for the work performed by attorney Robert D. Allen and 3.3 hours at $90 an hour ($297.00) for the work performed by legal assistant Lori A. Black, for a total of $3,919.50. The Court has considered the *Johnson* factors but notes that the lodestar is presumed to be reasonable and should only be modified in exceptional cases. Here, Plaintiffs do not seek an enhancement of their attorneys' fees, Defendant did not file a substantive response to the request for attorneys' fees, and there are no other exceptional circumstances.

## Conclusion

The Court ORDERS, pursuant to Federal Rules of Civil Procedure 37(a)(5)(A), that Defendant Rudolf Suter must pay Plaintiffs Peter Denton and Harvest Investors, L.P. the amount of $3,919.50 for payment of reasonable and necessary attorneys' fees in connection with Plaintiffs' Motion for Sanctions, Contempt and to Compel [Dkt. No. 149] by **March 21, 2016**. This award of reasonable expenses is imposed in addition to the $27,605.00 that Defendant has been ordered to pay by the Court's December 24, 2014 Order Awarding Attorneys' Fees on Motion to Compel [Dkt. No. 141] and October 19, 2015 Order Granting Motion to Compel [Dkt. No. 158], and this order does address

Plaintiffs' request for an award of their costs and reasonable and necessary attorneys' fees incurred in preparing and presenting their Second Motion for Sanctions, Contempt and to Compel [Dkt. No. 160].

      SO ORDERED.

      DATED: January 19, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE