IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PETER DENTON, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:11-cv-2559-N-BN |
| | § | |
| RUDOLF SUTER, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Plaintiffs Peter Denton and Harvest Investors, L.P. filed a Motion to Compel Enforcement of Turnover Order in Aid and Satisfaction of Judgments [Dkt. No. 187].

The parties met and conferred on the motion and continue to disagree. At the Court's direction, *see* Dkt. No. 199, Defendant Rudolf Suter filed a response, Dkt. No. 202, and Plaintiffs filed a reply, Dkt. No. 204. And, although Plaintiffs have asked for a hearing, the undersigned concludes that no additional hearing or briefing is necessary on this motion.

For the reasons and to the extent explained below, the Court should deny Plaintiffs' Motion for Turnover Order in Aid and Satisfaction of Judgments [Dkt. No. 187].

**Background**

On August 23, 2012, Plaintiffs each obtained individual judgments in this Court against Defendant in the amount of $1,025,430.68 respectively together with interest

from the date of judgment at a rate of 5% per annum from June 2009 until the date of payment. Dkt. No. 15 at 1. Plaintiffs also jointly obtained judgments in this Court in the amount of $3,076.29, $31,798.81, and $101,350.60 for various fees, expenses, and costs. *Id.* at 2.

In a separate matter, on or about April 19, 2016, Plaintiffs also obtained judgments in the 192nd District Court for Dallas County (the "State District Court") against Mr. Suter and his wife, Dolores Suter, in the sum of $712,633.91, plus post judgment interests accruing at a rate of 5% per annum.

The State District Court subsequently directed Ms. Suter to turn over to a Dallas County Sheriff or Constable "any and all stock, shares, certificates of documents evidencing ownership of Dolores Suter in PFO Global, Inc." Dkt. No. 187 at 2. It also directed Mr. Suter to turn over "any and all options he owns in purchase stock, shares or any ownership interest in PFO Global, Inc." *Id.*

Mr. Suter has since been detained under 18 U.S.C. § 3142 in a criminal case pending in this court as Case No. 3:17-cr-46-N (N.D. Tex.). Plaintiffs believe that his possessions are likely in the custody of the U.S. Marshal's Office.

Plaintiffs now ask the Court to enter an Order directing Mr. Suter's property to be turned over to a Dallas County Sheriff or Constable to be executed on in some satisfaction of Plaintiffs' federal and state court judgments and for such other and further relief to which Plaintiffs may be entitled.

Plaintiffs specifically ask the Court to order the turnover of (1) the stock or stock options in PFO Global that are the subject of the Turnover Order issued by the State

District Court and (2) the watches, jewelry, and money that Plaintiffs believe that Mr. Suter also has in his possession.

In the Joint Status Report, Plaintiffs further explain that they believe that Mr. Suter's former public defender, Allegra Glasshauser, in the Eastern District of New York has the items that they seek in her possession. They note that she has custody of Mr. Suter's suitcase and satchel, which were checked in baggage and on his person at the time of his arrest. *See* Dkt. No. 198 at 7.

But Mr. Suter has since explained that Ms. Glasshauser has returned the suitcase and satchel to a third party in Switzerland. *See* Dkt. No. 202 at 2-3. Mr. Suter also explains that the only items in his possession "are the things he has where he is incarcerated," namely "his eyeglasses, some reading materials, and the small amounts of prison commissary and telephone accounts (less than $100)." *Id.* at 3.

Mr. Suter contends these are items exempt from execution. *Id.* (citing TEX. PROP. CODE § 42.001). But, because these items are not at issue in this motion, the undersigned has not considered the veracity of this contention.

**Legal Standards and Analysis**

I. The Court should deny Plaintiffs' request to enter a turnover order to satisfy <u>Plaintiffs' state court judgment.</u>

As an initial matter, Plaintiffs' motion should be denied to the extent that Plaintiffs ask the Court to enforce or enter a turnover order in satisfaction of the judgment against Mr. Suter and his wife in the State District Court.

As the undersigned has previously explained to the parties, efforts to enforce a

judgment in a different case not before this Court are "misplaced." *Denton v. Suter*, No. 3:11-cv-2559-N, 2015 WL 510969, at *2 (N.D. Tex. Feb. 6, 2015). The Texas Turnover Statute provides that a "judgment creditor is entitled to aid from a court of appropriate jurisdiction ... to reach property to obtain satisfaction on the judgment," TEX. CIV. PRAC. & REM. CODE § 31.002, and it is inappropriate for the Court to attempt to enforce the State District Court's judgment here for two reasons.

First, the state court action and judgment were directed to both Defendant and his wife, Dolores Suter, who is "a stranger to this action." *Denton*, 2015 WL 510969, at *2. Any attempt to enforce a judgment against her would "require[] the institution of a new proceeding, separate from [this one]." *Id.* (citing *Berry v. McLemore*, 795 F.2d 452, 455 (5th Cir. 1986)*).*

Second, the State District Court already has jurisdiction over the claims and corresponding judgments in that case, and the Texas Turnover Statute does not allow this Court to usurp the State District Court's jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE § 31.002 (providing that a judgment creditor is only entitled to reach property to obtain satisfaction on a judgment "from a court of appropriate jurisdiction"). This Court should not "invade the state court's jurisdiction to enforce their own judgments in the manner in which they were intended." *Huggins v. Pierce*, No. A-98-CA-798 AWA, 2000 WL 33348257, at *5 (W.D. Tex. June 21, 2000).

In any event, Plaintiffs admit that they have already obtained a turnover action from the State District Court to fulfill the judgment in that case, thereby making their

request moot. *See Reunion, Inc. v. F.A.A.*, 719 F. Supp. 2d 700, 708 n. 12 (S.D. Miss. 2010) (citing *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) for the proposition that a "claim becomes moot when [the] claimant receives the relief he sought to obtain through that claim" in federal court when a "state court orders the same relief sought by the plaintiff in a parallel action").

The Court should therefore deny Plaintiffs' motion to the extent that Plaintiffs ask this Court to either issue or enforce a turnover order in satisfaction of the State District Court's judgment.

II. The Court should also deny Plaintiff's turnover motion to satisfy the judgment in this action.

Plaintiffs also appear to ask the Court to order Mr. Suter to turn over the items in question to satisfy the judgment in this action.

A federal court may enforce a money judgment "in accordance with the practice and procedure of the state in which the district court is held." FED. R. CIV. P. 69(a). The Texas Turnover Statute "is 'the procedural device [in this state] by which judgment creditors may reach assets of a debtor that are otherwise difficult to attach or levy on by ordinary legal process.'" *Af-Cap, Inc. v. Republic of Congo*, 462 F.3d 417, 426 (5th Cir. 2006) (quoting *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 224 (Tex. 1991)).

Under the Texas Turnover Statute, a judgment creditor is entitled to aid from a court of appropriate jurisdiction if (1) the judgment debtor owns the property or it is subject to his or her control; (2) the property cannot readily be attached or levied by ordinary legal process; and (3) the property is not exempt from attachment, execution,

or seizure for the satisfaction of liabilities. *See* TEX. CIV. PRAC. & REM. CODE § 31.002(a).

"The judgment creditor has the initial burden of showing that the debtor owns, possesses, or controls the property," *Cre8 International, LLC v. Rice*, No. 05-14-00377-CV, 2015 WL 3492629, at *2 (Tex. App. – Dallas July 3, 2015, no pet.) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 31.002; *HSM Dev., Inc. v. Barclay Props., Ltd.*, 392 S.W.3d 749, 751 (Tex. App. – Dallas 2012, no pet.)), and that the assets or property cannot be readily attached or levied on by ordinary legal process, *Colorado Meadowlark Corp. v. Sage Physician Partners, Inc.*, No. 3:11-cv-922-G, 2013 L 3196434, at *1 (N.D. Tex. June 25, 2013). "Once the creditor makes this showing, a presumption arises that the judgment debtor possesses the assets, and the burden shifts to the judgment debtor to show the assets are exempt, or otherwise account for them." *Id* (citations omitted); *accord Sharif v. Wellness Intern. Network, Ltd.*, No. 3:05-cv-1367-B, 2008 WL 5220526, at *1 (N.D. Tex. Dec. 12, 2008).

The Texas Turnover Statute does not require the court to identify in the turnover order the specific property subject to turnover. *See Colorado Meadowlark Corp.*, 2013 WL 3196434, at *1; *accord* TEX. CIV. PRAC. & REM. CODE § 31.002(h) ("A court may enter or enforce an order under this section that requires the turnover of nonexempt property without identifying in the order the specific property subject to turnover."). "Nevertheless, the trial court must receive evidence to enable it to determine that the applicant has shown its entitlement to a turnover order under

Section 31.002." *Pajooh v. Royal West Investments LLC, Series E*, __ S.W.3d __, No. 01-16-185-CV, 2017 WL 1173892, at *7 (Tex. App. – Houston [1st Dist.] Mar. 30, 2017) (citing *Tanner v. McCarthy*, 274 S.W.3d 311, 322 (Tex. App. – Houston [1st Dist.] 2008, no pet.)). "A motion supported only by argument of counsel will be insufficient." *Id.* (citing *Tanner*, 274 S.W.3d at 322-23).

The Texas Turnover Statute "is a purely procedural mechanism, and it is black-letter Texas law that proceedings pursuant to the turnover statute may not be used to determine the substantive property rights of the judgment debtors or of third parties." *Bollore S.A. v. Import Warehouse, Inc.*, 448 F.3d 317, 322 (5th Cir. 2006). And "Texas courts construing the turnover statute have expressly and consistently held that it may be used to reach only the assets of parties to the judgment, not the assets of non-judgment third parties." *Id.; accord Beaumont Bank*, 806 S.W.2d at 227 ("Texas courts do not apply the turnover statute to non-judgment debtors.").

Accordingly, "[w]hen nonexempt assets are in the possession of a third party, ... the court may reach those assets [only] if they are owned by and subject to the judgment debtor's possession or control" – though the property need not presently be "in" the debtor's control. *World Fuel Servs. Corp. v. Moorehead*, 229 F. Supp. 2d 584, 588 (N.D. Tex. 2002) (citing *Santibanez*, 105 F.3d 234, 239 (5th Cir. 1997); TEX. CIV. PRAC. & REM. CODE § 31.002(b)).

Plaintiffs have shown that any nonexempt property that Mr. Suter may own "is not readily subject to ordinary execution." Plaintiffs are only filing this motion because

Mr. Suter elected to flee the country when pressed to either pay Plaintiffs the judgment to which Plaintiffs are entitled or to respond to their post-judgment discovery requests. While the Texas Turnover Statute does not require that "other methods of collecting the judgment have failed," *Resolution Trust Corp. v. Smith*, 53 F.3d 72, 78 (5th Cir. 1995) (internal citations omitted), the inability to collect on a judgment "tend[s] to show that these property interests fit the statutory requirement that they 'cannot readily be attached or levied on by ordinary legal process,'" *Colorado Meadowlark Corp.*, 2013 WL 3196434, at *2.

But, for the reasons discussed below, the Court should nevertheless decline to enter an order requiring Mr. Suter to turn over the stock and stock options in question or the watches, jewelry, and money that Plaintiffs believe to be in his possession or subject to his control.

    A.    The Court should deny Plaintiffs' requests as to the stock and stock options in question as moot.

It is not entirely clear whether Plaintiffs have established that the stock and stock options in question are in Mr. Suter's possession or subject to his control. On the one hand, Plaintiffs have established that the State District Court entered a turnover order requiring him to turn over the stock and stock options in question. On the other, Mr. Suter contends that he does not have the stock or stock options in his possession. *See* Dkt. No. 202 at 3 ("The extent of Mr. Suter's personal belongings in the United States are ... his eyeglasses, some writing materials, and the small amounts of prison commissary and telephone accounts (less than $100)."). And Plaintiffs have not

established either that Mr. Suter is lying or that the stock and stock options are still subject to his control, wherever and with whomever they may be. *See Sun Sports & Entm't v. Humitech Int'l Grp., Inc.*, No. 3:09-cv-63-O, 2009 WL 174309, at *3 (N.D. Tex. Jan. 26, 2009) (quoting *Parks v. Parker*, 957 S.W.2d 666, 668-69 (Tex. Ct. App. – Austin 1997) for the proposition that "[t]he judgment debtor can … be ordered to turn over party, no matter who possesses it, if the property is subject to his control. … However, there is no provision for the issuance of a turnover order against a third party who possess property belonging to the judgment debtor.'").

But the undersigned need not determine whether Plaintiffs have successfully traced the stock and stock options in question to Mr. Suter. The Court should decline to order Mr. Suter to turn over the stock and stock options because doing so would be redundant. A "claim becomes moot when [the] claimant receives the relief he sought to obtain through that claim" in federal court when "one state court orders the same relief sought by the plaintiff in a parallel action." *Reunion, Inc.*, 719 F. Supp. 2d at 708 n. 12 (summarizing *Friedman's, Inc.*, 290 F.3d at 197); *see also U.S. v. Texas Tech University*, 171 F.3d 279, 286 (5th Cir. 1999) (discussing "the well-established principle that the federal courts may not issue advisory opinions"). And, as explained above, the parties appear to agree that the State District Court has already ordered Defendant and his spouse to turn over this property. There is no point to this Court doing the same.

> B. The Court should also deny Plaintiffs' requests for the watches, jewelry, and money that "may" be in Mr. Suter's possession.

Plaintiffs fail to establish facts indicating that the watches, jewelry, and money that they seek exist – let alone that they are in Mr. Suter's possession or subject to his control. Instead, Plaintiffs appear to justify their belief that he has these items based on an unsubstantiated assertion first raised in the parties' Joint Status Report that Mr. Suter "is known to wear expensive watches." Dkt. No. 198 at 7. Plaintiffs' speculation is not sufficient to establish that they are entitled to a turnover order under the Texas Turnover Statute. *See Pajooh*, 2017 WL 1173892, at *7 (providing that while "[a]n order requiring the turnover of nonexempt property need not identify the 'specific property subject to turnover, ... the trial court must receive evidence to enable it to determine that the applicant has shown its entitlement to a turnover order under Section 31.002") (internal citations omitted)).

Further, through his counsel, Mr. Suter explains that the only items in his possession are "the [few] things he has where he is incarcerated," Dkt. No. 202 at 3, which do not include the items at issue. And another judge in this district has, in fact, found that Mr. Suter qualifies for appointment of counsel under the Criminal Justice Act, 18 U.S.C. § 3006A because he cannot afford legal representation. *See* Dkt. No. 196 at 5-6 (citing United States Magistrate Judge Irma Ramirez's decision to appoint Mr. Suter a public defender under the Criminal Justice Act to also appoint Mr. Suter an attorney in this action).

Plaintiffs correctly note that Mr. Suter has not been entirely forthright throughout these proceedings. And it is at least possible that the watches, jewelry, and money that Plaintiffs seek are in his possession or subject to his control. But this does

not relieve Plaintiffs of their burden to establish facts that allow the Court to infer that the non-exempt property at issue can be traced to Mr. Suter. *Cf. Beaumont Bank*, 806 S.W.2d at 226 ("The evidence is indisputable that the proceeds from the original C.D., which was estate property, were traced to Mrs. Buller.").

The Court should deny Plaintiffs' motion for turnover of the watches, jewelry, or money that Plaintiffs believe, but have not established, that Mr. Suter owns.

**Recommendation**

For the reasons discussed above, the Court should deny Plaintiffs' Motion for Enforcement of Turnover Order in Aid and Satisfaction [Dkt. No. 187].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATE: June 6, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE