IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PETER DENTON, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:11-cv-2559-N-BN |
| | § | |
| RUDOLF SUTER, ET AL., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Peter Denton and Harvest Investors, L.P. have filed a Motion to Enforce Attorneys' Fee Award [Dkt. No. 182]. This motion has been referred to the undersigned United States magistrate judge for determination under 28 U.S.C. § 636(b). *See* Dkt. No. 46.

The parties met and conferred on this motion and continue to disagree. At the Court's direction, *see* Dkt. No. 199, Defendant Rudolf Suter filed a response, Dkt. No. 200, and Plaintiffs filed a reply, Dkt. No. 204.

Although Plaintiffs have requested a hearing on this motion, the Court finds that there is no need for one.

For the reasons explained below, the Court DENIES Plaintiffs Peter Denton and Harvest Investor L.P.'s Motion to Enforce Attorneys' Fees Award [Dkt. No. 182].

### Background

On January 19, 2016, the Court ordered Defendant Rudolf Suter to, by March 21, 2016, pay $3,919.50 for Plaintiffs' attorneys fees in connection with their Motion

for Sanctions, Contempt and to Compel [Dkt. No. 170]. Mr. Suter has yet to pay these fees. *See* Dkt. No. 198 at 5 ("Defendant's Position: Mr. Suter agrees that the $3,919.50 award in Dkt. No. 170 has not been paid.") (emphasis in original).

Plaintiffs have filed a motion to enforce the fee award in question. They specifically contend that Mr. Suter should be ordered to immediately pay them the fee award and that he "should not be released from custody until this unpaid court ordered award is satisfied." *See* Dkt. No. 182 at 1-2.

Mr. Suter responds that, in the absence of a finding on civil or criminal contempt, "[t]here is no legal mechanism for imprisoning a person until judgment – or an attorneys' fee award – is paid." *See* Dkt. No. 200 at 2 (citing 28 U.S.C. § 2007; *In re White Robinson*, 777 F.3d 792, 796 (5th Cir. 2015)). And he concludes that Plaintiffs' motion fails because they have not filed a motion to show cause or otherwise provided Plaintiffs with notice that an order of incarceration could be issued for his failure to pay them the $3,919.50 fee award.

In reply, Plaintiffs newly contend that the Court could elect to restrict Mr. Suter's travel or impose some other suitable restriction on Mr. Suter to ensure that he pays them the fee award. But the Court "does not entertain arguments raised for the first time ... in a reply." *Contrieu Corp. v. Pura Vido Tequila Co., LLC*, No. 3:12-cv-2257-N, 2012 WL 12886422, at *1 n.1 (N.D. Tex. Oct. 2, 2012).

**Legal Standards and Analysis**

Plaintiffs have asked the Court to enter an order that would keep Mr. Suter incarcerated until he pays the fee award in question. By so doing, they appear to be

asking the Court to enter civilly sanction Mr. Suter to coerce him into paying the $3,919.50 fee award. *See Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 290-91 (5th Cir. 2002) ("A contempt order is civil in nature if the purpose of the order is (1) to coerce compliance with a court order or (2) to compensate a party for losses sustained as a result of the contemnor's actions.").

Plaintiffs' motion is consequently premature. Only "[u]pon a finding of contempt" does "the district court ha[ve] broad discretion [to] assess[] sanctions to protect the sanctity of its decrees and the legal process." *Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 582 (5th Cir. 2005) (citing *Mercury Air Group, Inc. v. Mansour*, 237 F.3d 542, 548-49 (5th Cir. 2001)).

The Court has not yet entered any findings that Mr. Suter is in contempt for his failure to pay the fee award in question. And, as Mr. Suter correctly notes, "Plaintiffs have not sought a further finding of contempt for Mr. Suter's nonpayment of the award. They have filed no motion to show cause or otherwise given notice of an intent to seek a second contempt sanction, civil or criminal, upon which a further order of incarceration could be based." Dkt. No. 200 at 2-3. Plaintiffs do not appear to dispute this characterization. *See* Dkt. No. 182 & 200 (Plaintiffs' supporting brief and reply, neither of which describe their motion as a motion to show cause).

## Conclusion

For these reasons, the Court DENIES Plaintiffs' Motion to Enforce Attorneys' Fees Award [Dkt. No. 182]. *See generally Brown v. Bridges*, No. 3:12-cv-4947-P, 2015 WL 410062, at *1-*4 (N.D. Tex. Jan. 30, 2015) (explaining that, when a district judge

refers a motion for sanctions to a magistrate judge, the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether Federal Rule of Civil Procedure 72(a) or 72(b) applies and that, when the magistrate judge finds that dismissal or another sanction disposing of a claim or defense is unwarranted, the motion should be characterized as non-dispositive and may be ruled on by the magistrate judge) (followed in *Green Hills Dev. Co., LLC v. Credit Union Liquidity Servs., LLC*, No. 3:11-cv-1885-L-BN, Dkt. No. 373 at 2 (N.D. Tex. Dec. 1, 2016)).

SO ORDERED.

DATED: June 7, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE