IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PETER DENTON, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:11-cv-2559-N-BN |
| | § | |
| RUDOLF SUTER, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Peter Denton and Harvest Investors, L.P. have filed a Motion for Ongoing Discovery [Dkt. No. 184]. This motion has been referred to the undersigned United States magistrate judge for determination under 28 U.S.C. § 636(b). *See* Dkt. No. 46.

The parties met and conferred on this motion and continue to disagree. At the Court's direction, *see* Dkt. No. 199, Defendant Rudolf Suter filed a response, Dkt. No. 201, and Plaintiffs filed their reply, Dkt. No. 204. And, although Plaintiffs have requested a hearing on this motion, the Court finds that there is no need for one.

For the reasons explained below, the Court DENIES Plaintiffs Peter Denton and Harvest Investor L.P.'s Motion for Ongoing Discovery [Dkt. No. 184].

**Background**

On August 23, 2012, Plaintiffs each obtained individual judgments in this Court against Mr. Suter in the amount of $1,025,430.68 respectively together with interest from the date of judgment at a rate of 5% per annum from June 2009 until the date of

payment. Dkt. No. 15 at 1. Plaintiffs also jointly obtained judgments in this Court in the amounts of $3,076.29, $31,798.81, and $101,350.60 for various fees, expenses, and costs. *Id.* at 2.

Plaintiffs attempted to collect on their judgments by serving Mr. Suter post-judgment discovery requests. Mr. Suter did not fully respond to these requests, even after the Court ordered him to do so. *See* Dkt. No. 173 (citing this failure to hold Mr. Suter in contempt). He, instead, left the country.

United States District Judge David C. Godbey subsequently entered an order finding Mr. Suter to be "in civil contempt of this Court." *Id.* at 6. He specifically ordered that Mr. Suter "shall be coercively incarcerated until":

1. He "fully and completely respond[s] under oath" to the discovery requests at issue;

2. He "pays the $27,605 he owes to the Denton Plaintiffs"; and

3. "U.S. Magistrate Judge Horan determines that Defendant Rudolf Suter has complied with" the above requirements.

*See id.* at 6-7.

Mr. Suter has since returned to the United States and was arrested in light of Judge Godbey's Order of Civil Contempt and Coercive Incarceration and the warrant for his arrest. *See* Dkt. Nos. 174 & 175 at 1-2.

After his arrest, Mr. Suter served amended responses to the discovery requests at issue. *See* Dkt. No. 179. But, after reviewing these answers, the undersigned concluded that he "[could] not find that Mr. Suter ha[d] at th[at] time fully and

completely responded under oath to the ... interrogatories" at issue. *See* Dkt. No. 180 at 4-5 (explaining why the responses were deficient).

The undersigned, instead, scheduled a hearing "to further examine Mr. Suter's compliance and ability to comply and to afford Mr. Suter an opportunity, if he chooses, to assert any present inability to further comply with the orders at issue and to meet his burden to produce evidence in support of such an assertion." *Id.* at 5 (collecting cases).

This hearing has yet to be held for reasons that the Court has previously addressed and that it will not reiterate here – other than to explain that these reasons relate to criminal charges Mr. Suter now faces in Case No. 3:17-cr-46-N (N.D. Tex.). *See* Dkt. No. 196 at 4-6 (explaining the reasons why the hearing has been delayed).

Plaintiffs have now filed the instant motion to compel ongoing discovery. They appear to ask the Court "to impose on [Mr.] Suter a continuing obligation to supplement his Interrogatory Answers and Responses to Requests for Production [("RFPS")] and to produce responsive documents on a regular basis" until Mr. Suter "is released from the Judgment or otherwise shows good cause to have the Order changed." Dkt. No. 184 at 3. They reason that – in light of Mr. Suter's failure to respond to their discovery requests in the past and failure to pay their judgments – such an order would ensure that he supplements his responses as he is obligated to under Federal Rule of Civil Procedure 26(e)(1). *See id.* ("Suter must know that once he adequately answers the subject Interrogatories for the first time, he is not off the hook from continuing to answer them in the future.").

They specifically ask the Court to require Mr. Suter to supplement his answers to Interrogatory Nos. 10, 12, 14, 21, 23, 34, 50, 51, 55, 68, 71, 72, & 78 and RFP Nos. 1, 3-8, 11-12, 14, 16-19, 21-22, 25, 27-31, 33-34, 36-39, 41, & 45-47 in the First Set of RFPs and all requests in the Second Set of RFPs. *See id.* at 4.

Mr. Suter argues that "Plaintiff's request for any sort of ongoing or future discovery order should await the resolution of Defendant Suter's current and ongoing coercive incarceration for failing to provide what the Court deems complete answers to the very same interrogatories targeted in Plaintiffs' Motion." Dkt. No. 201 at 2. He also argues that an order of ongoing discovery is unnecessary because "Rule 26(e) is self-effectuating" and that "requiring [him] to submit quarterly updates of his responses to almost 70 dated discovery requests, irrespective of whether there has been any material change in circumstances, is unduly burdensome." *Id.* at 3. And he contends that the nature of the interrogatories at issue make them "unsuited to ongoing supplementation." *See id.* at 3-4 (noting that the requests ask for documents within fixed time frames, such as "in the last five years").

Finally, the parties dispute whether attorneys' fees should be granted in connection with this motion.

**Legal Standards and Analysis**

I.  <u>Plaintiffs' motion is premature.</u>

Plaintiffs appear to ask the Court to compel Mr. Suter to, on a quarterly basis, supplement his responses to several of Plaintiffs' interrogatory requests and RFPs

"until he is released from the judgment or otherwise shows good cause to have the Order changed." *See id.* at 4. Plaintiffs motion is premature for two reasons.

First, the interrogatories at issue on this motion are the same ones at issue in the Court's Civil Contempt Order. *See* Dkt. No. 201 at 2. And, as explained above, the Court has yet to hold a hearing as to Mr. Suter's present compliance with these interrogatory requests in connection with the Contempt Order. At the hearing, the Court intends to provide Mr. Suter an opportunity to explain whether, in light of his incarceration, he has complied with the requests at issue in Judge Godbey's Order of Civil Contempt and Coercive Incarceration to the best of his ability. *See* Dkt. No. 180 at 5 (explaining why a hearing is needed). And Mr. Suter makes clear that he intends to take advantage of that opportunity. *See* Dkt. No. 201 at 2 (Mr. Suter stating that he "is hamstrung in his ability to provide complete answers to those interrogatories at present, because of a pending criminal case that revolves around alleged nondisclosures and misstatements regarding many of the same matters").

The Court has found that Mr. Suter has yet to fully comply with these requests. *See* Dkt. No. 180 at 4-5 (explaining why the responses were deficient). But it has not found whether or not Mr. Suter has fully complied to the requests to the best of his ability in light of his present incarceration. *See id.* at 5 (reserving this question until after a hearing on the matter). It would be unproductive for the Court to now require Mr. Suter to provide regular updates on a quarterly basis when it may ultimately find that his incarceration makes it impossible for him to further or at least otherwise fully

comply with the requests, as is, and when Mr. Suter – who has very recently entered a guilty plea on which a recommendation is now pending before Judge Godbey – may remain incarcerated for some further period of time.

Second, the Court does not have the authority to require Mr. Suter to provide Plaintiffs with the quarterly supplementation that they seek, at least on these facts. Plaintiffs appear to argue that the Court has the authority to order Mr. Suter to supplement his requests based on Federal Rule of Civil Procedure 26(e). Rule 26(e)(1) provides that "[a] party who ... has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete and incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court." FED. R. CIV. P. 26(e)(1).

But the Court's authority to order a party to supplement his or her discovery responses is limited by the well-established principle that "a court does not have the authority to decide disputes that are not ripe for adjudication." *Capstone Associates Servs, Ltd. v. Rivero*, No. H-13-613, 2013 WL 12140391, at *2 (S.D. Tex. Sept. 30, 2013) (citing *Lopez v. City of Hous.*, 617 F.3d 336, 341 (5th Cir. 2010)).

Here, Plaintiffs' motion is based on a dispute that is not ripe for the Court to consider. Plaintiffs ask for an order requiring "ongoing discovery" based on their belief that Mr. Suter will not comply with his obligations to supplement under Rule 26(e). Plaintiffs may have good reason to believe that he will not supplement his responses,

as Rule 26(e) requires. Mr. Suter fled the country the last time the Court directed him to respond to Plaintiffs' discovery requests.

But, as the United States Supreme Court has explained, a dispute "is not ripe for adjudication if it rests upon "contingent future events that may not occur as anticipated, or indeed may not occur at all."" *Texas v. U.S.*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agricultural Products Co.*, 472 U.S. 568, 580-81 (1985) (quoting 13A CHARLES A. WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRAC. & PROC. § 3352, p. 112 (1984))); *see also U.S. v. Hunter*, 168 F. App'x 242, 243 (9th Cir. Feb. 22, 2006) (quoting *Texas*, 523 U.S. at 300) ("A federal court may not adjudicate a motion where 'it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'")).

Regardless of his past behavior, there is no guarantee that Mr. Suter will continue to shirk his obligation to continually update his responses to Plaintiffs' requests as required by Rule 26(e). Mr. Suter may now find it advisable to more fully comply with his discovery obligations now that he has experienced the consequences that can result. Or he may decide to continue to shirk his obligations. It would appear that the Court could only enter the ongoing discovery order that Plaintiffs seek if it was "certain" that Mr. Suter would not comply without a court order, *Hunter*, 168 F. App'x at 243, – for instance, if he openly admitted that he had no intention to ever comply with Rule 26(e). That is not the case here.

The Court might have been inclined to order Mr. Suter to supplement his responses to Plaintiffs' discovery requests to the extent he has failed to do so thus far.

Such a motion would be ripe because it would presumably be based on his present failure to comply. Even then, it is not clear whether the Court would grant such a motion. After all, Mr. Suter might be able to show, with supporting evidence, that it was ultimately too burdensome for him to respond in such a manner, *see* FED. R. CIV. P. 26(b) (authorizing discovery "that is relevant to any party's claim or defense and proportional to the needs of the case"), or that he was not required to do so for some other reason, *see* Dkt. No. 201 at 3-4 (Mr. Suter arguing that Plaintiffs' discovery requests are unsuited to ongoing supplementation, though the Court does not address this argument at this time).

Regardless, Plaintiffs do not appear to ask for this relief on this motion. *See* Dkt. No. 184 (only asking the Court, in their "Motion for Ongoing Discovery Order," *id.* at 1, to "impose a continuing obligation to supplement" the discovery requests at issue, *id.* at 3). And the "Court declines to offer an opinion as to how it may or may not rule with respect to ... as-yet-unfiled motions. Rather, the Court will rule only upon the motion before it." *In re Idearc, Inc.*, No. 09-31828-BJH-11, 2011 WL 203859, at *11 (Bankr. N.D. Tex. Jan. 21, 2011).

The Court DENIES Plaintiffs Peter Denton and Harvest Investors, L.P.'s Motion for Ongoing Discovery Order [Dkt. No. 184].

II. Each party should bear its own costs.

The matter of a possible Federal Rule of Civil Procedure 37(a)(5) award remains. Rule 37(a)(5)(B) provides in pertinent part that, if a motion to compel "is denied, the

court ... must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party ... who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," "[b]ut the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(B).

Here, the Court finds that Plaintiffs' motion to compel ongoing discovery is not substantially justified. As explained above, courts have long held that a dispute "is not ripe for adjudication if it rests upon "contingent future events that may not occur as anticipated, or indeed may not occur at all."" *Texas*, 523 U.S. at 300 (quoting *Thomas*, 472 U.S. at 580-81) (quoting 13A CHARLES A. WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRAC. AND PROC. § 3352, p. 112 (1984)))

The Court nevertheless declines to award Mr. Suter attorneys' fees in connection with this motion as "other circumstances make [the] award of expenses unjust," *see* FED. R. CIV. P. 37(a)(5)(B) – namely, Mr. Suter's history of non-compliance with the Court's orders and with his discovery obligations.

The Court therefore ORDERS the parties to bear their own respective expenses, including attorneys' fees, in connection with Plaintiffs Peter Denton and Harvest Investors, L.P.'s Motion for Ongoing Discovery Order [Dkt. No. 184].

## Conclusion

For the reasons discussed above, the Court DENIES Plaintiffs Peter Denton and Harvest Investors, L.P.'s Motion for Ongoing Discovery Order [Dkt. No. 184].

SO ORDERED.

DATED: June 8, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE