IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PETER DENTON, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:11-cv-2559-N-BN |
| | § | |
| RUDOLF SUTER, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Peter Denton and Harvest Investors, L.P. have filed a Motion to Award Fees for Compliance with Discovery and Contempt Orders [Dkt. No. 190], which has been referred to the undersigned United States magistrate judge for determination under 28 U.S.C. § 636(b). *See* Dkt. No. 46.

The parties met and conferred on this motion and continue to disagree. At the Court's direction, *see* Dkt. No. 199, Defendant Rudolf Suter filed his response, Dkt. No. 203, and Plaintiffs filed their reply, Dkt. Nos. 204. Although Plaintiffs have requested a hearing on this motion, the Court finds that there is no need for one.

For the reasons and to the extent explained below, the Court DENIES without prejudice Plaintiffs Peter Denton and Harvest Investor L.P.'s Motion to Award Fees for Compliance with Discovery and Contempt Orders [Dkt. No. 190].

**Background**

Plaintiffs each obtained judgments against Mr. Suter for over $1,000,000.00.

Plaintiffs subsequently served Mr. Suter post-judgment discovery requests as part of their attempt to collect on their judgments.

Mr. Suter did not fully respond to Plaintiffs' discovery requests, even after the Court ordered him to do so. *See* Dkt. No. 173 (citing this failure to hold Mr. Suter in contempt). He, instead, left the country.

United States District Judge David C. Godbey entered an order finding Mr. Suter to be "in civil contempt of this Court." *Id*. at 6. He specifically ordered that "Defendant shall be coercively incarcerated until" certain conditions are met. *See id*. at 6-7 (listing the conditions that must be met).

Mr. Suter returned to the United States several months later and was arrested based on Judge Godbey's Order of Civil Contempt and Coercive Incarceration [Dkt. No. 173] (the "Contempt Order") and the corresponding warrant for his arrest. *See* Dkt. Nos. 174 & 175 at 1-2. He also now faces criminal charges in a separate proceeding pending in this court as Case No. 3:17-cr-46-N (N.D. Tex.).

In their Motion to Award Fees for Compliance with Discovery and Contempt Order, Plaintiffs seek attorneys' fees for the time that they have spent on this case since Mr. Suter's arrest in December 12, 2016. They specifically ask for fees for the "approximately 75 hours" they have spent trying to "enforc[e] the Orders compelling [Mr.] Suter to obey the discovery rules, the discovery process and the Order of Contempt." Dkt. No. 190 at 2.

Plaintiffs' counsel spent at least part of the 75 hours at issue preparing four motions that would be filed before this Court: Plaintiffs' Motion to Enforce Attorneys'

Fees Award [Dkt. No. 182], Motion for Ongoing Discovery [Dkt. No. 184], Motion to Compel Enforcement of Turnover Order in Aid of Satisfaction of Judgments [Dkt. No. 187], and this Motion for Attorney Fees for Compliance with Discovery [Dkt. No. 190]. The undersigned denied two of these motions, *see* Dkt. Nos. 206 & 207, and recommended that Judge Godbey deny another, *see* Dkt. No. 205.

Plaintiffs' counsel also appear to have spent part of the 75 hours at issue on other activities. *See* Dkt. No. 190 at 2 (Plaintiffs describing the "approximately 75 hours of attorney and legal assist time" at issue as time spent "investigating the situation, responding to lawyers in New York, preparing court ordered responses, filing motions, conducting legal research, reviewing [Mr. Suter's] testimony[,] and preparing a logical way for [Mr.] Suter to cure his discovery violations and comply with his ongoing obligations").

Plaintiffs contend that "there are multiple bases for this Honorable Court to order [Mr.] Suter to pay for the fees [they] ha[ve] incurred as a result of [Mr.] Suter's non-compliance with the Orders of this Honorable Court." *Id*. According to Plaintiffs, these include Federal Rules of Civil Procedure 37(c) and 37(d) and the Court's contempt powers.

Mr. Suter responds that "Rule 37 does not apply in this instance, because [he] has not committed a new violation of the discovery rules during his incarceration. And Plaintiffs' alternative suggestion that fees should be awarded under the Court's contempt power is meritless – even if [the undersigned] were authorized to impose such an order without District Court approval, *see* 28 U.S.C. § 636(e) – because [he] is

already laboring under an Order of civil contempt and remains subject to that Order. He has done nothing since that Order was issued to justify an additional finding of contempt or further sanctions." Dkt. No. 203 at 3.

## Legal Standards and Analysis

I. Plaintiffs are not entitled to fees for time preparing motions that are either <u>meritless, premature, or both.</u>

Plaintiffs argue that they are entitled to attorneys' fees, at least in part, for the time they have spent in preparing motions they have filed since Mr. Suter returned to the United States. Plaintiffs have filed these motions to either recover attorneys' fees from Mr. Suter or satisfy their judgment against him.

Plaintiffs are not entitled to the fees they request to the extent they are based on their work on these motions. The Court denied Plaintiffs' Motion to Enforce Attorneys' Fees Award [Dkt. No. 182] and Motion for Ongoing Discovery [Dkt. No. 184] as either premature, meritless, or both, *see* Dkt. Nos. 206-07, and denies the motion at issue for the reasons described below. It would be counter-productive to award Plaintiffs' attorneys' fees for the time that they spent filing unsuccessful motions that also required time and expense by the Court and Mr. Suter. *See* FED. R. CIV. P. 37(a)(5)(B) (When a discovery motion "is denied, the court ... must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this

payment if the motion was substantially justified or other circumstances make an award of expenses unjust.").

Mr. Suter's continued failure to either respond to Plaintiffs' discovery requests or satisfy their judgments is arguably the impetus for these motions. But, as Mr. Suter correctly notes, he "has done nothing to require Plaintiffs to incur [these] additional fees." Dkt. No. 203 at 2. Rather, these motions and the unsuccessful arguments supporting them "are the product of Plaintiffs' own undertakings." *Id.* at 5.

For this reason, the Court denies Plaintiffs' motion to the extent that they seek attorneys' fees in connection with Plaintiffs' Motion to Enforce Attorneys' Fees Award [Dkt. No. 182], Plaintiffs' Motion for Ongoing Discovery [Dkt. No. 184], and this Motion for Attorney Fees for Compliance with Discovery [Dkt. No. 190].

II.  Plaintiffs are not entitled to attorneys' fees for their expenses preparing the Motion for Enforcement of Turnover Order, at least at this time.

Unlike the other motions for which Plaintiffs seek fees, the Court has yet to formally rule on Motion to Compel Enforcement of Turnover Order in Aid of Satisfaction of Judgments [Dkt. No. 187]. Accordingly, even if the Court were to find that there was some basis for awarding fees to the prevailing party on this motion, it is premature for Plaintiffs to seek these fees now – particularly where the undersigned has recommended that Judge Godbey deny it. *See* Dkt. No. 205. For this reason, the Court denies Plaintiffs' motion to the extent that Plaintiffs seek fees in connection with Plaintiffs' Motion to Compel Enforcement of Turnover Order in Aid of Satisfaction of Judgments [Dkt. No. 187].

III. Plaintiffs are not entitled to attorneys' fees for their other expenses, at least at this time.

In addition to the fees in connection with their motions, Plaintiffs also seek attorneys' fees for the other work that they performed to enforce and execute the terms of the Contempt Order and to ensure Mr. Suter's compliance with his discovery obligations.

As explained above, the parties dispute whether the Court has the authority to award the fees they seek based on Federal Rule of Civil Procedure 37(c) and Rule 37(d) or the Court's inherent power to sanction the parties for failing to comply with a court order.

The Court denies this motion – without weighing in on these arguments at this time – because it cannot determine the precise relief that Plaintiffs would be entitled to even if the Court were inclined to grant Plaintiffs motion as to the remaining fees. *See Northern Telecom, Inc. v. Datapoint Corp.*, No. 3:82-cv-1039-D, 1992 WL 210076, at *4 (N.D. Tex. June 4, 1992) (denying Plaintiff's motion without prejudice because "[t]he court cannot determine at this juncture the precise relief to be granted").

Plaintiffs have included time entries to support the fees that they seek on this motion. But this list of time entries includes time that Plaintiffs spent working on their unsuccessful motions, for which they are not entitled to fees. Some of these entries plainly relate to work on their motions. *See, e.g.*, Dkt. No. 190, Ex. 1-A at 3 ("Finalization of Motion to Enforce Court Order"). But others are less clear. *See, e.g., id.* at 2 ("Preparation of Reports to Peter Denton").

As a result – even if the Court were inclined to go through each time entry listed – it would be unable to determine the specific fees that Plaintiffs incurred for work that is entirely separate from their work on their unsuccessful motions.

**Conclusion**

The Court DENIES Plaintiffs' Motion for Attorneys' Fees [Dkt. No. 190], though without prejudice as to their request for fees for any work performed not in connection with Plaintiffs' unsuccessful motions. *See generally Brown v. Bridges*, No. 3:12-cv-4947-P, 2015 WL 410062, *1 -*4 (N.D. Tex. Jan. 30, 2015) (explaining that, when a district judge refers a motion for sanctions to a magistrate judge, the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether Federal Rule of Civil Procedure 72(a) or 72(b) applies and that, when the magistrate judge finds that dismissal or another sanction disposing of a claim is unwarranted, the motion should be characterized as non-dispositive and may be ruled on by the magistrate judge) (followed in *Green Hills Dev. Co., LLC v. Credit Union Liquidity Servs., LLC*, No. 3:11-cv-1885-L-BN, Dkt. No. 373 at 2 (N.D. Tex. Dec. 1, 2016)).

SO ORDERED.

DATED: June 12, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE